**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:                                                         CASE NO.: 6:21-bk-04261-LVV
                                                                                      CHAPTER 7

**Lydia H Crayton,**
   *dba* **Shelf Overstocks**
       **Debtor.**
_____/

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
(*Final Judgment of Foreclosure Obtained*)

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz, Schneid, Crane & Partners, PLLC, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

Secured Creditor, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL FUNDING MORTGAGE SECURITIES I, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-SA2, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Lydia H Crayton (*dba* Shelf Overstocks), filed a voluntary petition pursuant to

Chapter Chapter 7 of the United States Bankruptcy Code on September 21, 2021.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

4. Secured Creditor filed a foreclosure complaint against the Debtor(s) on December 28, 2016 in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Case Number: 2016-CA-011267-O, due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property legally described as:

> Lot 37, WINDERMERE CHASE PHASE 2, according to the plat thereof as recorded in Plat Book 42, Pages 106 through 108, inclusive, of the Public Records of Orange County, Florida.

This property is located at the street address of: 706 Gentry Court, Gotha, FL 34734.

5. A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on May 31, 2019 in the amount of $677,119.87. A true and accurate copy of the Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s).

6. The appraised value of the property is $423,012.00. See Exhibit "B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

7. As of the date of this Motion, the Debtor has not filed Schedules nor Statement of Intentions pertaining to said property; therefore, the treatment of the subject property is unclear. The Trustee has not abandoned the property.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will

incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

13. A Proposed Order accompanies this Motion. See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: October 1, 2021

    Robertson, Anschutz, Schneid, Crane & Partners, PLLC
    Attorney for Secured Creditor
    6409 Congress Ave., Suite 100
    Boca Raton, FL 33487
    Telephone: 561-241-6901
    Facsimile: 561-997-6909
    By: /s/ Christopher P. Salamone
    Christopher P. Salamone, Esquire
    Florida Bar Number 75951
    Email: csalamone@raslg.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 1, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Lydia H Crayton
dba Shelf Overstocks
9907 8th Street #736
Gotha, FL 34734

Dennis D Kennedy
P. O. Box 541848
Merritt Island, FL 32954

United States Trustee - ORL7/13
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

    Robertson, Anschutz, Schneid, Crane & Partners, PLLC
    Attorney for Secured Creditor
    6409 Congress Ave., Suite 100
    Boca Raton, FL 33487
    Telephone: 561-241-6901
    Facsimile: 561-997-6909
    By: /s/ Christopher P. Salamone
    Christopher P. Salamone, Esquire
    Florida Bar Number 75951
    Email: csalamone@raslg.com

# EXHIBIT "A"

# EXHIBIT "A"

IN THE FLORIDA COURT OF THE NINTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR ORANGE COUNTY

CASE NO: 2016-CA-011267-O

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL FUNDING MORTGAGE SECURITIES I, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-SA2,

    Plaintiff,

vs.

LYDIA H CRAYTON A/K/A LYDIA CRAYTON; ANDRAE CRAYTON; WINDERMERE CHASE HOMEOWNERS ASSOCIATION, INC.; AQUA FINANCE, INC.; STATE OF FLORIDA, DEPARTMENT OF REVENUE; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS,

    Defendant(s).

_____/

## FINAL JUDGMENT OF FORECLOSURE

This action was tried before the court at a Non-Jury Trial on March 8, 2019. On the evidence presented. **IT IS ADJUDGED** that Plaintiff's Final Judgment is **GRANTED** against all defendants listed by name: LYDIA H CRAYTON A/K/A LYDIA CRAYTON; ANDRAE CRAYTON; WINDERMERE CHASE HOMEOWNERS ASSOCIATION, INC.; AQUA FINANCE, INC.; STATE OF FLORIDA, DEPARTMENT OF REVENUE;

1. **Amounts Due.** Plaintiff, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL FUNDING MORTGAGE SECURITIES I, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-SA2, whose address is c/o Provident Funding Associates, L.P., 851 Traeger Avenue, San Bruno, CA 94056, is due:

    Principal                                                                                           $475,200.00

| | |
|---|---:|
| Interest to date of this judgment: March 8, 2019 | $105,005.77 |
| Escrow Advance | $59,766.45 |
| Tax $31,393.73 | |
| Insurance $28,372.72 | |
| Late Charges | $6,840.25 |
| Property Appraisals | $180.00 |
| Inspections | $942.00 |
| SUBTOTAL | $647,934.47 |
| Attorneys' Fees: | |
|    Finding as to reasonable number of hours: 89.50 | |
|    Finding as to reasonable hourly rate: $215.00 | |
|    Flat Fee: $3,450.00 | |
|    Attorneys' Fee Total: | $22,692.50 |
| Court Costs, now taxed: | |
|    Filing Fee: | $1,976.01 |
|    Service of Process: | $520.00 |
|    Lis Pendens: | $13.00 |
| Other: | $3,983.89 |
|    Title Search: $325.00 | |
|    Summons: $50.00 | |
|    Mediation: $520.00 | |
|    Court Reporting: $1,588.89 | |
|    Expert Witness: $1,500.00 | |
| **TOTAL SUM** | **$677,119.87** |

That shall bear interest at a rate in accordance with section 55.03(3), Florida Statute

2. **Lien on Property.** Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property in Orange County, Florida:

   **LOT 37, WINDERMERE CHASE PHASE 2, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 42, PAGE 106 THROUGH 108, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.**

   **Property Address: 706 GENTRY COURT, GOTHA, FL 34734**

3. **Sale of Property.** If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the Clerk of this Court shall sell the property at public sale on the **8th** day of **July**, 20**19**, to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at 425 N. ORANGE AVENUE, ORLANDO, FL 32801 in Orange County, Florida, in accordance with section 45.031, Florida Statutes (2013), using the following method:

   ☒ www.myorangeclerk.realforeclose.com beginning at 11:00 AM

4. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

5. **Distribution of Proceeds.** On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps

affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

6. **Right of Redemption/Right of Possession.** On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, and defendant(s) right of redemption as prescribed by section 45.0315, Florida Statutes (2013) shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property. *Defendants shall have the right to redeem until the filing of the certificate of title. § 45.0315.*

7. **Attorneys' Fees.** The Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that the flat fee of $3450.00 is reasonable and appropriate for the Plaintiff's counsel's attorney's fees. Furthermore, the Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that 89.50 hours were reasonably expended by Plaintiff's counsel and that and hourly rate of $215.00 is appropriate. PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH PLAINTIFF. The Court finds that there are no reasons for either reduction or enhancement pursuant to *Florida Patient's Compensation Funds v. Rowe*, 472 So. 2d 1145 (Fla. 1985), and the Court therefore has awarded reasonable attorney's fees in the amount indicated in paragraph 1 of this Judgment.

8. **Jurisdiction Retained.** Jurisdiction is reserved over this action to enforce the Final Judgment and to enter further orders that are proper including, without limitation, an award of attorney's fees and costs, a deficiency decree (if sought and appropriate), writs of possession, orders granting leave to file supplemental and/or amended pleadings to add additional parties, and orders resolving any disputes with respect to assessments and/or other amounts allegedly due associations.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 425 NORTH ORANGE AVENUE, ORLANDO, FL 32801, WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT

COMMUNITY LEGAL SERVICES OF MID-FLORIDA, INC., 1036 WEST AMELIA STREET, ORLANDO, FL 32805-1408, (407) 841-7777 TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT COMMUNITY LEGAL SERVICES OF MID-FLORIDA, INC. FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

ORDERED at ORLANDO, ORANGE COUNTY, FLORIDA this 31ST day of May, 2019.

_____
CIRCUIT JUDGE
**CHAD K. ALVARO**

COPIES FURNISHED TO:

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
ATTORNEYS FOR PLAINTIFF
6409 CONGRESS AVE., SUITE 100
BOCA RATON, FL 33487
PRIMARY EMAIL: MAIL@RASFLAW.COM

W.J. BARNES, PA
JEFF BARNES
ATTORNEY FOR LYDIA H CRAYTON A/K/A LYDIA CRAYTON
C/O W.J. BARNES, PA
1515 NORTH FEDERAL HIGHWAY ATRIUM BUILDING, SUITE 300
BOCA RATON, FL 33432
PRIMARY EMAIL: JEFF@WJBARNESLAW.COM
SECONDARY EMAIL: TIFFANY@WJBARNESLAW.COM

W.J. BARNES, PA
JEFF BARNES
ATTORNEY FOR ANDRAE CRAYTON
C/O W.J. BARNES, PA
1515 NORTH FEDERAL HIGHWAY ATRIUM BUILDING, SUITE 300
BOCA RATON, FL 33432
PRIMARY EMAIL: JEFF@WJBARNESLAW.COM
SECONDARY EMAIL: TIFFANY@WJBARNESLAW.COM

WINDERMERE CHASE HOMEOWNERS ASSOCIATION, INC.
882 JACKSON AVE
WINTER PARK, FL 32789

AQUA FINANCE, INC.
1201 HAYS ST
TALLAHASSEE, FL 32301

STATE OF FLORIDA, DEPARTMENT OF REVENUE
2450 SHUMARD OAKS BLVD
TALLAHASSEE, FL 32399

Conformed and mailed by
Civil Conformer

MAY 3 1 2019

# EXHIBIT "B"

# Property Record -

Orange County Property Appraiser • http://www.ocpafl.org

## Property Summary as of 09/28/2021

**Property Name**
706 Gentry Ct

**Names**
El Amir Aqif
Lydia L El Kindred Trust

**Municipality**
ORG - Un-Incorporated

**Property Use**
0103 - Single Fam Class III

**Mailing Address**
9907 8Th St Unit 736
Gotha, FL 34734-7030

**Physical Address**
706 Gentry Ct
Gotha, FL 34734











# Value and Taxes

## Historical Value and Tax Benefits

| Tax Year Values | | Land | | Building(s) | | Feature(s) | Market Value | Assessed Value |
|---|---|---|---|---|---|---|---|---|
| 2021 | W MKT | $85,000 | + | $317,512 | + | $20,500 = | $423,012 (6.0%) | **$423,012** (30%) |
| 2020 | ✓ MKT | $85,000 | + | $292,969 | + | $21,000 = | $398,969 (12%) | **$324,732** (2.3%) |
| 2019 | ✓ MKT | $68,000 | + | $267,989 | + | $21,500 = | $357,489 (1.9%) | **$317,431** (1.9%) |
| 2018 | ✓ MKT | $68,000 | + | $260,995 | + | $22,000 = | $350,995 | **$311,512** |

| Tax Year Benefits | | Original Homestead | Additional Hx | Other Exemptions | SOH Cap | Tax Savings |
|---|---|---|---|---|---|---|
| 2021 | W | n/a | n/a | n/a | n/a | $0 |
| 2020 | ✓ $ HX CAP | $25,000 | $25,000 | $0 | $74,237 | **$1,809** |
| 2019 | ✓ $ HX CAP | $25,000 | $25,000 | $0 | $40,058 | **$1,282** |
| 2018 | ✓ $ HX CAP | $25,000 | $25,000 | $0 | $39,483 | **$1,286** |

## 2021 Taxable Value and Estimate of Proposed Taxes

| Taxing Authority | Assd Value | Exemption | Tax Value | Millage Rate | Taxes | % |
|---|---|---|---|---|---|---|
| Public Schools: By State Law (Rle) | $423,012 | $0 | $423,012 | 3.4890 (-3.33%) | **$1,475.89** | 22 % |
| Public Schools: By Local Board | $423,012 | $0 | $423,012 | 3.2480 (0.00%) | **$1,373.94** | 21 % |
| Orange County (General) | $423,012 | $0 | $423,012 | 4.4347 (0.00%) | **$1,875.93** | 28 % |
| Unincorporated County Fire | $423,012 | $0 | $423,012 | 2.2437 (0.00%) | **$949.11** | 14 % |
| Unincorporated Taxing District | $423,012 | $0 | $423,012 | 1.8043 (0.00%) | **$763.24** | 11 % |
| Library - Operating Budget | $423,012 | $0 | $423,012 | 0.3748 (0.00%) | **$158.54** | 2 % |
| St Johns Water Management District | $423,012 | $0 | $423,012 | 0.2287 (0.00%) | **$96.74** | 1 % |
| | | | | 15.8232 | **$6,693.39** | |

## 2021 Non-Ad Valorem Assessments

| Levying Authority | Assessment Description | Units | Rate | Assessment |
|---|---|---|---|---|
| COUNTY SPECIAL ASSESSMENT | WASTE PRO - GARBAGE - (407)836-6601 | 1.00 | $250.00 | **$250.00** |
| | | | | **$250.00** |

# Property Features

## Property Description

WINDERMERE CHASE PHASE 2 42/106 LOT 37

## Total Land Area

12,053 sqft (+/-)    |    0.28 acres (+/-)    GIS Calculated

## Land

| Land Use Code | Zoning | Land Units | Unit Price | Land Value | Class Unit Price | Class Value |
|---|---|---|---|---|---|---|
| 0100 - Single Family | P-D | 1 LOT(S) | $85,000.00 | $85,000 | $0.00 | $85,000 |

## Buildings

| | | | | |
|---|---|---|---|---|
| **Model Code** | 01 - Single Fam Residence | Subarea Description | Sqft | Value |
| **Type Code** | 0103 - Single Fam Class III | BAS - Base Area | 2466 | $270,323 |
| **Building Value** | $317,512 | FGR - Fin Garage | 462 | $25,322 |
| **Estimated New Cost** | $369,200 | FOP - F/Opn Prch | 254 | $7,016 |
| **Actual Year Built** | 2000 | FUS - F/Up Story | 714 | $66,539 |
| **Beds** | 5 | | | |
| **Baths** | 3.0 | | | |
| **Floors** | 2 | | | |
| **Gross Area** | 3896 sqft | | | |
| **Living Area** | 3180 sqft | | | |
| **Exterior Wall** | Cb.Stucco | | | |
| **Interior Wall** | Drywall | | | |




## Extra Features

| Description | Date Built | Units | Unit Price | XFOB Value |
|---|---|---|---|---|
| PL2 - Pool 2 | 01/01/2007 | 1 Unit(s) | $25,000.00 | $18,500 |
| SPA1 - Spa 1 | 01/01/2007 | 1 Unit(s) | $2,000.00 | $2,000 |

# Sales

## Sales History

| Sale Date | Sale Amount | Instrument # | Book/Page | Deed Code | Seller(s) | Buyer(s) | Vac/Imp |
|---|---|---|---|---|---|---|---|
| 05/01/2020 | $100 | 20200280965 | / | Quitclaim Deed | El Amir Aqif<br>El Lydia L | El Amir Aqif Lydia L El Kindred Trust | Improved |
| 04/29/2020 | $100 | 20200264286 | / | Quitclaim Deed | Crayton Lydia H<br>Crayton Andrae | El Amir Aqif El Lydia L | Improved |
| 11/20/2006 | $100 | 20070302659 | 09251 / 2941 | Quitclaim Deed | Crayton Lydia | Crayton Lydia H<br>Crayton Andrae | Improved |
| 02/11/2005 | $335,000 | 20050113897 | 07831 / 2889 | Warranty Deed | Gates Joseph<br>Gates Mirian | Crayton Lydia | Improved |
| 12/13/2000 | $228,100 | 20000545032 | 06159 / 0208 | Special Warranty | Pulte Home Corp | Gates Joseph<br>Gates Mirian | Improved |

## Similar Sales

| Address | Sale Date | Sale Amount | $/SQFT | Deed Code | Beds/Baths | Instrument # | Book/Page |
|---|---|---|---|---|---|---|---|
| 10230 Windermere Chase Blvd | 08/18/2021 | $505,000 | $185 | Warranty Deed | 4/3 | 20210516341 | / |
| 912 Kingsridge Cir | 06/29/2021 | $466,500 | $162 | Warranty Deed | 4/2 | 20210399922 | / |
| 10225 Windermere Chase Blvd | 04/23/2021 | $446,000 | $193 | Warranty Deed | 4/2 | 20210361138 | / |
| 10219 Windermere Chase Blvd | 04/12/2021 | $475,000 | $149 | Warranty Deed | 3/3 | 20210242410 | / |
| 10242 Windermere Chase Blvd | 11/16/2020 | $468,000 | $147 | Warranty Deed | 3/3 | 20200665475 | / |
| 701 Gentry Ct | 10/01/2020 | $344,000 | $147 | Warranty Deed | 4/3 | 20200520326 | / |
| 10230 Windermere Chase Blvd | 09/29/2020 | $440,000 | $162 | Warranty Deed | 4/3 | 20200515045 | / |

# Services for Location

## TPP Accounts At Location

| Account | Market Value | Taxable Value | Business Name(s) | Business Address |
|---|---|---|---|---|

There are no TPP Accounts associated with this parcel.

## Schools

Thornebrooke (Elementary)

| | |
|---|---|
| **Principal** | Korey Bawden |
| **Office Phone** | 407.909.1301 |
| **Grades** | 2019: A \| 2018: A \| 2017: A |

Olympia (High School)

| | |
|---|---|
| **Principal** | Christy Lyn Gorberg |
| **Office Phone** | 407.905.6400 |
| **Grades** | 2019: A \| 2018: B \| 2017: B |

Gotha (Middle School)

| | |
|---|---|
| **Principal** | Monica Emery |
| **Office Phone** | 407.521.2360 |
| **Grades** | 2019: B \| 2018: C \| 2017: A |

## Community/Neighborhood Association

| | |
|---|---|
| **Name** | Windermere Chase Homeowners Association, Inc. |
| **Gated?** | Yes |
| **Number Of Households** | 116 |

## Utilities/Services

| | |
|---|---|
| **Electric** | Duke Energy |
| **Water** | Orange County |
| **Recycling (Thursday)** | Orange County |
| **Trash (Thursday)** | Orange County |
| **Yard Waste (Friday)** | Orange County |

## Elected Officials

| | |
|---|---|
| County Commissioner | Nicole Wilson |
| State Representative | Geraldine F. "Geri" Thompson |
| State Senate | Victor M. Torres, Jr |
| US Representative | Val Demings |
| School Board Representative | Pam Gould |
| Orange County Property Appraiser | Amy Mercado |

## Nearby Amenities (1 mile radius)

| | |
|---|---|
| **ATMS** | 3 |
| **Banks & Financial Institutions** | 4 |
| **Beauty Salons** | 5 |
| **Child Daycare** | 3 |

| | |
|---|---|
| **Dentists Offices** | 6 |
| **Dry Cleaners** | 2 |
| **Gas Stations** | 2 |
| **Grocery Store** | 1 |
| **Gyms & Fitness** | 5 |
| **Nail Salons** | 4 |
| **Optometrists Offices** | 1 |
| **Pharmacy** | 1 |
| **Restaurants** | 12 |

# Market Stats

## Sales Within Last 1 Year

Windermere Chase Ph 2

| | Sales Within Last 6 Months | | | | Sales Between 6 Months To One Year | | | |
|---|---|---|---|---|---|---|---|---|
| | Count | Median | Average | Volume | Count | Median | Average | Volume |
| **Single Family Residential** | 4 | $470,750 ($174/SqFt) | $473,125 ($173/SqFt) | $1,892,500 | 3 | $440,000 ($147/SqFt) | $417,333 ($152/SqFt) | $1,252,000 |

Windermere Chase (All Phases)

| | Sales Within Last 6 Months | | | | Sales Between 6 Months To One Year | | | |
|---|---|---|---|---|---|---|---|---|
| | Count | Median | Average | Volume | Count | Median | Average | Volume |
| **Single Family Residential** | 8 | $470,750 ($159/SqFt) | $458,125 ($156/SqFt) | $3,665,000 | 4 | $445,000 ($147/SqFt) | $425,500 ($144/SqFt) | $1,702,000 |

**EXHIBIT "C"**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

IN RE:    CASE NO.: 6:21-bk-04261-LVV
          CHAPTER 7

Lydia H Crayton,

dba Shelf Overstocks

   Debtor.

_____/

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

THIS CASE came on consideration without a hearing on U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL FUNDING MORTGAGE SECURITIES I, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-SA2's ("Secured Creditor") Motion for Relief from Stay (Docket No. ____). No appropriate response has been filed in accordance with Local Rule 2002-4. Accordingly, it is:

**ORDERED:**

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.
2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's interest in the following property located at 706 Gentry Court, Gotha, FL 34734, in Orange County, Florida, and legally described as:

   Lot 37, WINDERMERE CHASE PHASE 2, according to the plat thereof as recorded in Plat Book 42, Pages 106 through 108, inclusive, of the Public Records of Orange County, Florida.

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).
4. Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.
5. The Secured Creditor's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is granted.
6. Attorneys' fees in the amount of $345.00 and costs in the amount of $188.00 are awarded for the prosecution of this Motion for Relief from Stay, but are not recoverable from the Debtor(s) or the Debtor(s)' Bankruptcy estate.

###

Attorney, Christopher P. Salamone, is directed to serve a copy of this order on interested parties that do not receive electronic notice via CM/ECF and file a proof of service within 3 days of entry of the order.